IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERRY STALSON,

                Plaintiff,

v.

SHERIFF JAMES KAWALCZYK, CURT DUTTON, RN JOHNSON, MAASSEN, HENIZ, HERGESS, TURN, HULSTERN, TIDQUIST, JANE DOES 1-5, and JOHN DOES 1-5,

                Defendants.

OPINION AND ORDER

19-cv-536-wmc

    *Pro se* plaintiff Terry Stalson, who is currently incarcerated at the Wisconsin Secure Program Facility ("WSPF"), filed this lawsuit pursuant to 42 U.S.C. § 1983, related to how numerous jail and prison employees have handled his need for pain medication following a rotator cuff tear in June 2018. While Stalson's complaint is ready for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A, his complaint, outlining two unrelated groups of claims and defendants, violates Federal Rule of Civil Procedure 20. Accordingly, Stalson will be required to choose which lawsuit he would like to proceed on under this case number, and indicate whether he wishes to open another lawsuit to pursue his other claims. Finally, since the court is not persuaded that Stalson needs the assistance of an attorney to complete this task, the court is denying his motion for assistance in recruiting counsel (dkt. #8), albeit without prejudice to him renewing this motion.

ALLEGATIONS OF FACT[1]

    During the time period outlined in his complaint, plaintiff Terry Stalson was being held as an inmate at Chippewa County Jail, and then as a prisoner with the Wisconsin

---

[1] For screening purposes, the court assumes the following facts based on the allegations in plaintiff's

Department of Corrections ("DOC") at Dodge Correctional Institution ("Dodge"), Jackson Correctional Institution ("Jackson") and WSPF.  He names as defendants:  Chippewa County Jail employees Sheriff James Kawalczyk, Curt Dutton, Jane Does 1-5, and John Does 1-5; Dodge employee RN Johnson; Jackson employees Maassen, Heniz, Hergess, Hulstern and Tidquist; and WSPF employee Turn.

On June 7, 2018, Stalson tore his right rotator cuff at work.  He was examined by Dr. Tamira Miranowski that day, and she prescribed him the following medications: amoxicillin 500 mg, naproxen 500 mg and Lyrica.  On June 16, 2018, Stalson was arrested for drunk driving and placed in the Chippewa County Jail.  During booking, Stalson informed Jane or John Doe that he had a torn right rotator cuff, for which Dr. Miranowski prescribed him amoxicillin, naproxen and Lyrica.  However, Doe told Stalson that he could not have that medication, but he could have ibuprofen or Tylenol, which was available from the jail's medication cart.

Between June 16, and August 28, 2018, Stalson went to the medication cart and reported to Jane Does 1-5 and John Does 1-5 that he was in pain, could not sleep and repeated Dr. Miranowski's prescriptions.  However, each of them told Stalson that his prescribed medications were not allowed and he was allowed either Tylenol or ibuprofen.

On July 28, 2018, Stalson was taken to see Dr. Miranowski, who recommended that Stalson undergo surgery for his right shoulder.  On July 30, 2018, Sheriff Kawalczyk told Stalson that the jail would not give him a furlough to undergo surgery.

---

complaint, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

At some later date, Stalson was transferred to Jackson. On around February 18, 2019, Stalson received his medical records from the jail and sent a copy of those records to Jackson's Health Services Unit ("HSU"). However, Stalson did not receive any medical treatment for his shoulder. Stalson filed an inmate complaint about that lack of treatment, which was denied on March 20, 2019, since Stalson was scheduled to meet with Dr. Tidquist at that point.

On around March 26, 2019, Dr. Tidquist examined Stalson, and Stalson told her he needed surgery to repair his torn rotator cuff. Stalson also told her that he was in severe pain and had difficulty moving, noting in particular that it was difficult for him to get in and out of bed. While Stalson also told her about Dr. Miranowski's recommendation that he undergo surgery, Dr. Tidquist responded that Dr. Miranowski's opinion did not matter and that Stalson would need to undergo an x-ray before surgery would be ordered. It is unclear whether Stalson underwent x-rays, but regardless, Dr. Tidquist never ordered surgery. On June 2, 2019, Stalson was transferred to WSPF.

OPINION

Under Rule 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a

court may order that the lawsuit be severed.  *Lee v. Cook Cty., Illinois*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Plaintiff's allegations can be grouped into at least two different lawsuits:

**Lawsuit 1: Plaintiff's claims against Chippewa County Jail employees, Kawalczyk, Dutton, Jane Does 1-5 and John Does 1-5, related to their 2018 refusal to provide him prescribed medications, and Kawalczyk's refusal to allow plaintiff to undergo surgery.**

**Lawsuit 2: Plaintiff's claims against various DOC employees related to his efforts to obtain medical care for his torn rotator cuff from February 2019 to the present day.**

Stalson's allegations cover his experiences between June and August 2018 at the jail, and then his experiences between February 2019 and the present day since he has been incarcerated by the DOC.  Stalson has not alleged that the same individuals were involved in his care at these two institutions.  While the events at the jail and DOC institutions are somewhat related because both groups of defendants were responding to Stalson's concern about his shoulder injury, the time periods are not continuous, and the events relate to the actions of two wholly separate groups of defendants.  Given the almost 6-month gap between the two sets of events and lack of a common defendant, the court concludes that Stalson's complaint outlines two unrelated series of occurrences and thus does not satisfy the requirements of Rule 20.

Because plaintiff's complaint violates Rule 20, the court will direct plaintiff to respond to this order explaining how he wishes to proceed on his claims.  Plaintiff may proceed on only *one* of the identified lawsuits under this case number.  If he wishes to pursue the other lawsuit identified above, he must do so by filing a separate complaint

related to those claims, which will be assigned a new and distinct case number. Plaintiff will be required to pay a separate filing fee for any additional lawsuit on which he chooses to proceed.

Since it is not clear at this time which of his lawsuits plaintiff will pursue, he should be aware that the court has not reached any opinion about the merits of any claims raised in the lawsuits outlined above. Once plaintiff identifies the suit he wants to litigate under this case number, the court will screen it as required by §§ 1915(e)(2), 1915A. If plaintiff disagrees with the way the court grouped his claims, or if he believes the court has left out claims he intended to assert, he may also raise those objections in his response, provided that he still complies with this order and chooses which lawsuit he wants to pursue. If he fails to do this, the court will have no choice but to dismiss all of his claims for failure to prosecute this case.

Finally, the court is denying Stalson's motion for assistance in recruiting counsel at this time. Before this court considers recruiting counsel for a *pro se* litigant, the court must find that the plaintiff is indigent, he has made reasonable efforts to recruit an attorney on his own, and that those efforts have failed. *Jackson v. Cty. of McLean*, 599 F.3d 749, 760-61 (7th Cir. 2010). A party may satisfy that requirement with evidence that at least three lawyers refused his request to represent him. While Stalson submitted letters from three attorneys who declined to represent him, it is not apparent from the record of this lawsuit that the legal and factual complexity of this lawsuit exceeds his s abilities. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this stage, Stalson's only obligation is to choose which lawsuit he wishes to pursue under this case number, and a review of his filings thus far suggest that he is capable of completing this task. While the court is denying his request

for recruitment of counsel at this time, the denial will be without prejudice to his ability to renew his request should he be granted leave to proceed and he can explain in detail how the legal and factual difficulties of this case exceed his abilities.

## ORDER

IT IS ORDERED that:

1) Plaintiff Terry Stalson has until **July 28, 2020,** to identify for the court which one of the lawsuits identified in this opinion he wishes to pursue under the case number assigned to his complaint.

2) No later than **July 28, 2020,** plaintiff must also inform the court whether he wishes to continue to prosecute his other claims as a separate lawsuit or withdraw it voluntarily. If plaintiff dismisses those other claims voluntarily, he will owe no further filing fee. If plaintiff advises the court he intends to prosecute his other lawsuit separately, he will (1) owe a separate $350 filing fee for each new lawsuit and (2) need to file a separate complaint setting forth his claims in that lawsuit.

3) If plaintiff fails to respond to this order by **August 4, 2020,** then the clerk is directed to enter an order dismissing without prejudice the entire lawsuit based on plaintiff's failure to prosecute it.

4) Plaintiff's motion for assistance in recruiting counsel (dkt. #8) is DENIED without prejudice.

Dated this 7th day of July, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge